IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JONATHAN GUYTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 321-039 |
| | ) | |
| ROBERT ADAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Jenkins Correctional Center in Millen, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** without prejudice, the motion to proceed IFP be **GRANTED**, the motion to stay be **DENIED**, the motion to appoint counsel be **DENIED AS MOOT**, and this civil action be **CLOSED**.

**I.     BACKGROUND**

On June 23, 2016, Petitioner was convicted of false imprisonment and kidnapping in the Superior Court of Dodge County, Georgia and sentenced to twenty years of imprisonment. (Doc. no. 1, p. 1.) The Georgia Court of Appeals affirmed the trial court's decision on September 9, 2019, and the Georgia Supreme Court denied a petition for

certiorari on June 29, 2020.  (Id. at 2-3.)  Petitioner next filed the following motions in the trial court:  (1) a motion challenging void judgment on October 3, 2020; (2) an extraordinary motion for new trial on October 7, 2020; and (3) a motion for sentence reduction on July 10, 2020.  (Id. at 3-5.)  The trial court denied the first two motions on September 15, 2020 and the third motion on July 14, 2020.  (Id.)

Petitioner raises four grounds for relief in the current petition:  (1) lack of subject matter jurisdiction; (2) failure to demonstrate the necessary elements for a false imprisonment charge; (3) ineffective assistance of counsel; and (4) improper admittance of evidence.  (Id. at 5-10.)  Under each of these grounds, Petitioner states there is a pending state habeas petition in Jenkins County Superior Court.  (Id. at 5-10, 12.)  Petitioner states he mailed the state habeas petition on April 16, 2021.  (Id. at 12.)  Petitioner signed the current federal petition on June 15, 2021, and originally filed it in the Middle District of Georgia.  (Id. at 15.)  Chief United States District Judge Marc T. Treadwell transferred the petition to this District on June 23, 2021.  (Doc. no. 6.)

**II.     DISCUSSION**

   **A.     The Exhaustion Requirement.**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the

State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause

3

to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. As explained in detail below, Petitioner has not presented any exhausted claims in the present petition. Therefore, the stay and abeyance procedure is inapplicable.

### B. Petitioner Failed to Exhaust State Remedies.

Petitioner does not contest his failure to exhaust state remedies. Indeed, he states throughout his petition that his current claims are pending before the state habeas court. Under the question on the petition asking if there are any pending petitions regarding the judgment he is challenging in federal court, Petitioner responded affirmatively, listing the state habeas corpus proceeding in Jenkins County. (Doc. no. 1, p. 12.) In that state habeas proceeding, the Court discerns Petitioner raised the same four grounds for relief raised in the current federal petition. (See Id. at 5-10.)

Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state

4

court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971).  However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim."  St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972). [1]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion).  However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions."  Harrington v. Richter, 562 U.S. 86, 103 (2011).  Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding."  Id.

However, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement.  Petitioner mailed his state habeas petition on April 16, 2021.  (Doc. no. 1, p. 5.)  As such, only a few months have passed and, given that relatively short timeframe, the Court finds nothing in the record

---

[1] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

justifying deviation from the exhaustion requirement. In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added).

Because Petitioner's claims pending before the state habeas court are not properly before this Court, there is no need to address his motion to appoint counsel nor the timeliness of his federal claims. Of course, should Petitioner attempt to return to federal court after exhausting his state court remedies, his petition will again be reviewed under AEDPA's provisions, including the one-year statute of limitations. See 28 U.S.C. § 2244(d).

### C. Petitioner's Motion to Stay Is Not Appropriate.

Petitioner requests the Court to stay his petition pending his state habeas proceedings. (Doc. no. 3.) As explained above, the Court is entitled to issue a stay on state habeas proceedings when dealing with "mixed" petitions, ones where both unexhausted and exhausted claims are present. See Rhines, 544 U.S. at 275-79. However, here the petition has no exhausted claims as Petitioner states each ground of relief is pending before a state habeas corpus court. Moreover, dismissing the petition will not "unreasonably impair" Petitioner's right to obtain federal relief. His state habeas proceedings are still pending, meaning he is not in immediate danger of running afoul of AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d).

### IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** without prejudice, the motion to proceed IFP be

**GRANTED**, the motion to stay be **DENIED**, the motion to appoint counsel be **DENIED AS MOOT**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of July, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA